Opinion filed February 16, 2017



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00311-CR, 11-16-00312-CR, & 11-16-00313-CR

_____

## ROXANN FAYE BERKLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause Nos. 14901, 14902, & 14903

## MEMORANDUM OPINION

Roxann Faye Berkley originally pleaded guilty to three offenses of forgery of a financial instrument committed against an elderly individual. Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt and placed Appellant on community supervision for six years in each cause. The State subsequently filed a motion to proceed with an adjudication of guilt in each cause. Appellant pleaded true to five of the six allegations made by the State in its motions to adjudicate. After

accepting Appellant's plea of true and hearing the testimony of Appellant and her community supervision officer, the trial court revoked Appellant's community supervision, adjudicated her guilty of the charged offenses, and assessed her punishment at confinement for eight years for each offense, to run concurrently. The trial court also imposed a fine of $2,500 in cause no. 14902. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues to present in these appeals. With respect to each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for Appellant to sign and file in this court to obtain pro se access to the appellate record. Counsel also advised Appellant of her right to review the record and file a response to counsel's brief. We have not received a response from Appellant, nor have we received the motion for pro se access.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each cause, and we agree that the appeals are

---

[1]This court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief.

without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record in each cause, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility in each case to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

February 16, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3